IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN TUCK-SHERMAN,<br><br>   Plaintiff,<br><br>vs.<br><br>CAVALRY SPV I, LLC,<br><br>   Defendant. | Civil Action No. 20-14920 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Cavalry SPV I, LLC ("Cavalry") hereby removes this action from Superior Court of the State of New Jersey. As grounds for removal, Credit Control states as follows:

1. Cavalry is the Defendant in the above entitled action.

2. On March 5, 2020, Plaintiff filed a lawsuit captioned *Robin Tuck-Sherman v. Cavalry SPV I, LLC,* Case No. BER-L-1608-20, in the Superior Court of New Jersey Law Division Bergen County ("State Court Action").

3. Cavalry received a copy of the Summons and Complaint on or after October 8, 2020. As is required by 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of receipt by Cavalry of the Summons and Complaint.

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Cavalry in the State Court Action are attached hereto at **Exhibit A**.

5. Any civil action filed in a State court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a).

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it involves a federal question concerning the alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7.      Furthermore, this Court should take supplemental jurisdiction over the state law claims asserted by Plaintiff because those state law claims form part of the same case or controversy as Plaintiff's FDCPA claims. 28 U.S.C. § 1367(a). Each claim relates to Defendant's alleged actions in attempting to collect a debt from Plaintiff. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" and fall squarely within this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This Court should exercise supplemental jurisdiction over Plaintiff's state law claims to avoid unnecessary duplication of efforts and to conserve judicial resources

8.      Under the provisions of 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey is the federal court for the district and division embracing the place where the State Court Action is pending (*i.e.*, Bergen County, New Jersey).

9.      Cavalry has complied with all applicable requirements of 28 U.S.C. § 1446 for removing this action, including giving written notice of the filing of this Notice of Removal to Plaintiff and filing a copy of the Notice of Removal with the clerk of the Superior Court of New Jersey Law Division Essex County at or about the same time as this filing.

WHEREFORE, Defendant Cavalry SPV I, LLC gives notice that this action is hereby removed from the Superior Court of New Jersey Law Division Bergen County, to the United States District Court for the District of New Jersey.

Dated: October 23, 2020

Respectfully Submitted,

MAURICE WUTSCHER, LLP

*Attorneys for Defendant*
Cavalry SPV I, LLC

By */s/ Thomas R. Dominczyk*
Thomas R. Dominczyk
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
(908) 237-4550
tdominczyk@mauricewutscher.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 23, 2020, the foregoing was filed electronically with the Clerk of the Court and served by regular mail to the following:

Robin Tuck-Sherman
180 Dickinson Lane
Mahwah, New Jersey 07430

/s/ Thomas R. Dominczyk